## DEMRICK *v.* DEMRICK.

DIVORCE—ALIMONY—MODIFICATION OF DECREE.

On petition of defendant wife for a modification of the decree for alimony, a showing by her that the allowance made for the support of the three children, whose custody was awarded to her, has been exhausted, that she has no property or income except a weekly wage of $20, that the youngest child, of the age of 13 years and 8 months, requires extra care and attention and special training to make him self-supporting and that plaintiff's financial condition has materially improved, so that he is now worth from $20,000 to $25,000, *held*, to justify the modification of the decree by the court below awarding defendant $750 a year, payable quarterly, until said child shall arrive at the age of 21 years, upon condition that defendant be appointed his legal guardian and annually file in the circuit court a duly certified copy of her annual account as such guardian.

Appeal from Macomb; Lamb (Fred S.), J., presiding. Submitted April 13, 1921. (Docket No. 87.) Decided June 6, 1921.

Bill by Edgar Demrick against Minnie Demrick for a divorce: On petition of defendant for a modification of the decree awarding alimony. From a decree for defendant, plaintiff appeals. Affirmed.

*Stone, Nunneley & Humrich,* for plaintiff.

*Lungerhausen, Weeks & Lungerhausen,* for defendant.

WIEST, J. October 2, 1911, in the circuit court for the county of Macomb, a decree of divorce was granted in this case and the care, custody and maintenance of

the three children of the parties awarded defendant and provision made for their support in accordance with the then financial condition of plaintiff. Since the divorce defendant has been married twice and plaintiff once. October 20, 1919, defendant filed a petition in the case setting up that the allowance made for the support of the children in 1911 has been exhausted, that she has no property, means or income whatever, except a weekly wage of $20 as a saleslady, that the children are not self-supporting, and that Almond, the youngest, of the age of 13 years and 8 months, was ill and had for a long time suffered from a sickness requiring expensive hospital treatment and operations. She also alleged that plaintiff's financial condition had materially improved, and asked the court to revise the decree with reference to the support of the children.

Plaintiff appeared and by answer raised issues of fact. Upon the trial of the issues the circuit judge determined that the two older children are able to take care of themselves but "the youngest boy is subnormal and will require some considerable attention and training to make him self-supporting eventually," and that, "the father should assist the mother in giving this lad the training that will best fit him for use in society." The court also found that "the plaintiff is now possessed of some $20,000 to $25,000, this includes about $6,000 that he inherited from his parents, and the savings from his wages as an employee of the Ford Motor Company, for about 7 years, but that he is tubercular and unable to work steadily, or at hard work."

The decree as amended provides that plaintiff pay to defendant, annually, in quarterly payments, until Almond Demrick shall arrive at the age of 21 years, or until the further order of the court, the sum of $750; provided that defendant be first appointed legal guardian of Almond, and annually file in the circuit

court a duly certified copy of her annual account as such guardian. Plaintiff brings the matter here on appeal.

We are fully persuaded that the evidence justifies the decree, and, considering the financial means of plaintiff, the need of special training for Almond in an effort to raise him to normal and the expense necessary to that end the father ought to be content with the decree. We approve of the finding made by the learned circuit judge, and the decree is affirmed, with costs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.