HARNER v. HARNER.

1. DIVORCE—ALIMONY—DOWER—CONTEMPT.
   Payment of permanent alimony may be enforced by proceedings for contempt (3 Comp. Laws 1929, § 12766), but not so dower.

2. SAME—DOWER AWARD SHOULD BE DEFINITELY STATED.
   Divorce decree should definitely state amount awarded in lieu of present and prospective dower (3 Comp. Laws 1929, § 12766), since it is wholly apart from award for permanent alimony.

3. SAME—ALIMONY—DOWER—LIEN ON REAL ESTATE.
   Divorce decree may provide that award for alimony and also for dower be a lien on husband's real estate.

4. SAME—DECREE FOR ALIMONY MAY BE AMENDED.
   Amendment of decree for alimony is permissible (3 Comp. Laws 1929, § 12748), but to permit modification respecting alimony, allowance thereof must be in original decree.

5. SAME—JOINT AWARD FOR ALIMONY AND DOWER NOT ENFORCEABLE BY CONTEMPT.
   Divorce decree may join award for alimony with award in lieu of dower, but if so awarded in lump sum, contempt for nonpayment thereof may not be adjudged.

Appeal from Washtenaw; Sample (George W.), J. Submitted August 24, 1931. (Docket No. 152, Calendar No. 35,181.) Decided October 5, 1931.

Divorce by Mary C. Harner against Elden C. Harner. From order declaring defendant in contempt, he appeals. Reversed.

*Carl H. Stuhrberg* (*Francis W. Schilling,* of counsel), for plaintiff.

On contempt proceedings to compel payment of alimony, see 24 L. R. A. 433.

*Frank B. DeVine,* for defendant.

WIEST, J. This is an appeal by defendant from an adjudication that he is guilty of contempt in not paying permanent alimony.

In December, 1921, a decree of divorce ordered defendant to pay plaintiff $10,000, and made such sum a lien on his real estate. The decree did not, but should have, specified an allowance of a sum in lieu of present and prospective dower, 3 Comp. Laws 1915, § 11436 (3 Comp. Laws 1929, § 12766). The decree failed to state whether the sum was for dower or for alimony. Payment of permanent alimony may be enforced by a proceeding for contempt, 3 Comp. Laws 1915, § 11443 (3 Comp. Laws 1929, § 12773), but not so dower. In October, 1923, defendant was brought before the court by attachment, under a charge of contempt for failure to pay the "permanent alimony." The defect in the decree was apparently discovered, for the parties, on November 5, 1923, filed a signed stipulation "that the alimony of $10,000 granted plaintiff by the decree shall be paid in the manner following" and "that in any event the said alimony of $10,000 shall be paid on or before January 1, 1932" and "an amended order and modified decree shall be filed in said cause amending the original decree in accordance with the terms of this stipulation." On November 12, 1923, an amended decree was entered in accordance with the stipulation and designated the $10,000 as permanent alimony and in lieu of dower.

Defendant made no compliance with the decree, and was again charged with contempt in not paying the permanent alimony, and, on March 29, 1930, adjudged guilty of contempt "for his failure to pay the sum of $10,000 alimony."

Defendant contends that the court could not, under the provisions of the decrees, adjudge him to be in contempt. The reason alleged is that the first decree did not, on its face, purport an award of alimony, and, therefore, no amendment granting alimony was permissible, even though the parties consented. Beyond this, the amended decree fails to point out what part of the $10,000 constitutes an award for dower. The award for dower may be large in a proper case, and a decree should definitely state the amount so awarded, for it is a thing wholly apart from permanent alimony.

If defendant desires to purge the contempt, what sum must he pay? Not $10,000, for that sum covers as well the award in lieu of dower. The original decree constituted the undefined award a lien upon defendant's real estate. This did not disclose the nature of the award, for a lien may be fastened for alimony and also for dower. The statute, 3 Comp. Laws 1915, § 11417 (3 Comp. Laws 1929, § 12748), permits amendment of a decree for alimony, but "to permit modification respecting alimony, allowance thereof must be in the original decree." *Kutchai* v. *Kutchai*, 233 Mich. 569.

The original decree was final. It ordered defendant to pay $10,000, but did not state what for. The amended decree is not much better, for it awarded the $10,000 as alimony and in lieu of dower.

The court adjudged defendant in contempt "for his failure to pay the sum of $10,000 alimony," under the amended decree. This was error. The decree as amended, even if held valid, constituted the $10,000 award not alone alimony but also an award in lieu of dower. Such awards may be joined, but, if so allowed in a lump sum, contempt for nonpayment of such sum may not be adjudged.

The order adjudging defendant guilty of contempt is vacated, with costs to defendant.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.