TESSMER *v.* TESSMER.

1. DIVORCE—DECREE—PROVISIONS FOR WIFE.
    Proceedings for divorce and relief to be incorporated in decree are so familiar to court and counsel that purpose and character of provision therein may be known although it is ineptly expressed.

2. SAME—PROVISION FOR ALIMONY—CONSTRUCTION.
    Provision for weekly payments to wife for her lifetime or until new marriage is so unmistakably award of alimony that decree need not specifically state that it is for her support, but it must be so construed, in absence of qualifying words.

3. SAME—INTENT.
    Where provision in divorce decree does not tie release of dower to weekly payments to wife so directly and surely that strict construction is imperative, it should be given fair construction consistent with evident purpose to provide for alimony.

4. SAME—CONTEMPT.
    Order holding husband in contempt for failure to make weekly payments provided for in divorce decree, constituting alimony, is affirmed, on appeal.

Appeal from Washtenaw; Sample (George W.), J. Submitted January 19, 1933. (Docket No. 149, Calendar No. 37,038.) Decided March 1, 1933.

Divorce proceedings between Clyde Tessmer and Amelia J. Tessmer. On petition of defendant for attachment for contempt. From order adjudging plaintiff in contempt, he appeals. Affirmed.

*Jacob F. Fahrner,* for plaintiff.

*Charles J. Spaulding* (*Roscoe O. Bonisteel,* of counsel), for defendant.

As to when contempt proceedings may be resorted to, see annotation in 24 L. R. A. 435; 30 L. R. A. (N. S.) 1001; L. R. A. 1917C, 97.

Fead, J. Plaintiff appeals from an order holding him in contempt for failure to make the weekly payments of $10 provided in the following decree:

"It further appearing to the court that the said plaintiff and the said defendant have made a property settlement involving rights of dower, alimony and support, and it further appearing that such settlement has been amicably reached by the parties hereto, the court doth find the same to be proper and in consideration thereof, it is ordered, adjudged and decreed that the said plaintiff shall turn over unto the said defendant to be her absolute property:

"The homestead of the parties known as the house and lot at 549 Fourth street, Ann Arbor, Michigan;

"All of the household furnishings, fixtures and equipment with the exception of one picture and a small rocker;

"The sum of $2,500 in cash;

"And the further sum of $10 per week payable weekly in advance during the lifetime of said defendant or until she remarries.

"And it is further ordered, adjudged and decreed that the provisions herein made for the said Amelia J. Tessmer shall be in lieu of her dower in the property of her husband, the said Clyde Tessmer, and in full satisfaction of all claims that she may have in any property which the said Clyde Tessmer owns or may hereafter own, or in which he has, or may hereafter have any interest, and that he shall hereafter hold his remaining real estate, free, clear and discharged from any such dower rights or claim."

The question is whether the weekly payments constitute alimony, enforceable by attachment, or include also release of dower, not so enforceable. *Belting* v. *Wayne Circuit Judge*, 245 Mich. 111.

The cases relied on by plaintiff are not controlling. In *Harner* v. *Harner*, 255 Mich. 515, the award was in a single sum, both as alimony and in

lieu of dower. In *Shafer* v. *Shafer,* 257 Mich. 372, the decree specifically tied the weekly payments to release of dower by unequivocal words. In *Peden* v. *Peden,* 259 Mich. 559, the monthly payments were to run only for five years or until the prior marriage of the wife, not for her lifetime or until prior marriage, and were declared by the decree to stand in lieu of dower. These cases rested upon construction of the decree.

In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Proceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous.

It contains the provisions, very common, for division of property owned, with each party holding freed of the other, and for future payments to the wife. Provision for weekly payments to a wife for her lifetime, or until the need for her support by her former husband is ended by a new marriage, is so unmistakably an award of alimony that the decree need not specifically state that it is for her support. *Mesler* v. *Jackson Circuit Judge,* 188 Mich. 195. The provision must be so construed, in the absence of qualifying words.

Upon a strict construction of the language, the weekly payments may be said to be among the provisions for the wife, made in lieu of dower. This is because of the form of the decree, in stating the awards to the wife in one paragraph and following with a general release of dower. But the language does not tie release of dower to the weekly pay-

ments so directly and surely that a strict construction is imperative and a fair construction consistent with the evident purpose of the provisions is not possible. The natural interpretation of the whole decree is that the dower is released in connection with and as an incident of the division of property, and that alimony is allowed upon the basis of the husband's duty to support the wife during her lifetime.

We hold that the weekly payments constitute alimony. That this ruling does not contravene the intention of the parties in making the property settlement is demonstrated by the fact that in several prior proceedings for contempt plaintiff did not deny the award was for alimony, and, also, that he petitioned the court to amend the decree striking out the provision.

Affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.