WINTER *v.* WINTER.

1. JUDGMENT—ENFORCEMENT OF CHANCERY DECREE.
   Generally, courts of chancery have power to award execution, upon application, for the collection of a money decree.

2. DIVORCE—DECREE IN LIEU OF DOWER IS FINAL.
   A provision in a divorce decree in lieu of dower or on a property settlement is final and not subject to modification or alteration except for fraud or other cause upon which any other final decree may be reviewed.

3. SAME—JURISDICTION OF CHANCERY COURT IS STATUTORY.
   Jurisdiction of circuit court in chancery in divorce proceedings is entirely statutory.

4. SAME—AMENDMENT OF DECREE FOR ALIMONY.
   A court has power to revise and alter the amount of alimony allowed in a decree of divorce (3 Comp. Laws 1929, § 12748).

5. SAME—LUMP SUM FOR DOWER AND ALIMONY.
   Decree in divorce proceeding providing for payment of a sum in lieu of dower and alimony and securing payment to wife by a lien on real estate subject to a mortgage *held*, not enforceable by contempt proceedings nor subject to amendment to add right of enforcement by execution after loss of property on foreclosure of mortgage, since decree is not a money decree (3 Comp. Laws 1929, §§ 12748, 12766).

Appeal from Wayne; Keidan (Harry B.), J. Submitted January 23, 1935. (Docket No. 109, Calendar No. 38,193.) Decided April 8, 1935.

Bill by Frederick H. Winter against Madeline Winter for a divorce. Cross-bill by defendant against plaintiff. On defendant's petition to amend decree entered on her cross-bill. Order for defendant. Plaintiff appeals. Reversed.

*Daniel M. Lynch,* for plaintiff.

*Harry M. Stone* (*N. Calvin Bigelow,* of counsel), for defendant.

EDWARD M. SHARPE, J.    September 12, 1929, defendant obtained a *pro confesso* decree of divorce from plaintiff on her cross-bill. The parties had been married about 10 years and there were no children. At the time of the divorce, the parties were the joint owners of property in the city of Detroit.

Among other matters, the decree provided as follows:

"It is further ordered, adjudged and decreed that said plaintiff and cross-defendant shall pay to the said defendant and cross-plaintiff the sum of $2,750, 60 days from the date hereof as and for all her right, title, equity and interest in and to the following described property: Lot 46 Troester's Orchard Subdivision situated on the west side of LeMay avenue, city of Detroit, county of Wayne and State of Michigan, which property stands in the joint names of the parties hereto; that upon the payment by the said plaintiff and cross-defendant of the said sum of $2,750 at the time prescribed, the said defendant and cross-plaintiff shall give to him a good and sufficient quitclaim deed of her interest in the said property; that in the event of her failure so to do upon the tender of the said sum, then the said plaintiff and cross-defendant shall be permitted to record this decree in the office of the register of deeds for the county of Wayne, State of Michigan, and the same shall stand thereupon as and for such conveyance by the said defendant and cross-plaintiff to the said plaintiff and cross-defendant.

"It is further ordered, adjudged and decreed that the said defendant and cross-plaintiff shall have a lien against the said property for the payment of

the said sum so ordered to be paid by the said plaintiff and cross-defendant.

"It is further ordered, adjudged and decreed that in the event that the said plaintiff and cross-defendant shall fail to pay the said sum of $2,750 at the time herein ordered, then the said property shall be sold as provided in section 12680 and section 12966 of Compiled Laws of 1915 [3 Comp. Laws 1929, §§ 14368, 14686], and after the payment of all expenses incident to such sale, which expenses it is ordered the said plaintiff and cross-defendant shall bear and pay, the said defendant and cross-plaintiff shall be paid the sum of $2,750 and accrued interest at the rate hereinafter specified; that the said sum shall not bear interest from the date of this decree but shall bear interest at the rate of six per cent. per annum commencing 60 days from date. * * *

"It is further ordered, adjudged and decreed that the said plaintiff and cross-defendant shall assume the mortgage in the approximate sum of $600 now outstanding against the said property as well as accumulated interest thereon. * * *.

"It is further ordered, adjudged and decreed that the said sum of $2,750 so ordered to be paid by the said plaintiff and cross-defendant to said defendant and cross-plaintiff shall be in full payment of all of the dower right or interest that the said defendant and cross-plaintiff may have in the property of the said plaintiff and cross-defendant, both that which he now owns or may hereafter claim as well as payment in full of all alimony both temporary and permanent and expense incident to the said suit of the said defendant and cross-plaintiff."

February 13, 1930, plaintiff filed a petition to amend the decree; and represented to the court that he could raise the sum of $1,800 for the purpose of satisfying the decree, but the record is silent as to any action taken on this petition. The $600 mortgage was foreclosed. Sale was had on November

14, 1930, and the period of redemption expired one year later without either plaintiff or defendant redeeming the property.

On May 9, 1934, defendant filed a petition to amend the original decree and asked that the same be reformed and modified by adding to the last paragraph thereof the words, *"and that the said defendant and cross-plaintiff may have execution therefor."* The trial court granted defendant the relief prayed for. From this order plaintiff appeals, claiming that the provisions in the original decree relative to the payment of $2,750 and the property owned by the parties hereto comprise a property settlement, which cannot now be modified, set aside or changed; and that such modification in the decree substitutes new and different property for the property mentioned and described in the original decree.

The general rule is that courts of chancery have power and authority to award execution, upon application, for the collection of any decree for the payment of money. *Carnahan* v. *Carnahan,* 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53). Likewise, "if the court had power to make the decree, its power to enforce it by execution is clear under the statutes concerning the enforcement of money decrees then existing." *Taylor* v. *Gladwin,* 40 Mich. 232. However, a provision in lieu of dower or on a property settlement is final and cannot be modified or altered except, of course, for fraud or other cause upon which any other final decree may be reviewed. *Kutchai* v. *Kutchai,* 233 Mich. 569. See, also, *Reynolds* v. *Reynolds,* 115 Mich. 378; *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111.

Our problem is, therefore, to determine the nature of the original decree and, in doing so, we must have

in mind that the jurisdiction of the circuit court in chancery in divorce proceedings is entirely statutory. *Kutchai* v. *Kutchai, supra.*

We find from the record that the parties to this cause had no children as a result of their marriage; that they lived together as husband and wife for about 10 years; that, when the decree was granted, the parties jointly owned the property, hereinbefore described, subject, however, to a mortgage in the sum of $600; that neither of the parties appealed from any of the terms of the original decree; that the plaintiff violated the decree by his failure to pay the $600 mortgage and thus preserve the security of the property; that during the time defendant was in control of the property she collected $1,140 as rentals, no part of which was used to retire the mortgage on the property.

The original decree provided that plaintiff was to pay defendant $2,750, that defendant was to have the use and income from the property until payment was made or until such time as defendant exercised her lien on the property. The amount named to be paid was for temporary and permanent alimony as well as in lieu of dower, but the decree failed to state how much of the amount named was for alimony and how much for dower as required by 3 Comp. Laws 1929, § 12766. A court has power to revise and alter the amount of alimony allowed in a decree, 3 Comp. Laws 1929, § 12748.

The decree in the case at bar was concerned chiefly with a property settlement, it provided that plaintiff could purchase the real estate for a certain definite sum within a specific time and at the end of that time defendant was provided with a method within the decree of enforcing her lien upon the property. Moreover, the property was being di-

vided between the parties, and this could only be accomplished by a sale. It seems evident that the parties and the court had in mind that plaintiff might not be able to raise the amount provided in the decree, and so it was provided in that event that the property should be sold as provided in 3 Comp. Laws 1915, §§ 12680, 12966 [3 Comp. Laws 1929, §§ 14368, 14686]. It is also to be noted that the decree provides that the plaintiff shall pay defendant the sum of $2,750 for all her right, title, equity and interest in the real estate mentioned in said decree.

In the instant case the relief asked for by defendant is the issuance of a writ of execution to enforce the collection of the sum named in the decree. The effect of granting defendant the relief asked for would be an amendment to the decree.

In *Harner* v. *Harner,* 255 Mich. 515, we held that a divorce decree may join an award for alimony with an award in lieu of dower, but if so awarded in a lump sum, contempt for nonpayment thereof may not be adjudged. Under the terms of the decree in the instant case, contempt proceedings would not lie, and the decree not being a money decree is not subject to amendment.

Decree reversed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.