STOUTENBURG *v.* STOUTENBURG.

1. DIVORCE—ALIMONY—AMENDMENT OF DECREE—CONTEMPT.
    A decree for payment of alimony or other allowance for the support of wife or children is subject to revision or amendment and contempt will lie for failure to make payments under the decree (3 Comp. Laws 1929, § 12748).

2. SAME—PROVISION IN LIEU OF DOWER—PROPERTY SETTLEMENT—AMENDMENT.

A provision in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as any other final decree may be reviewed and contempt will not lie for failure to make payments thereunder.

3. SAME—AMENDMENT OF DECREE—REHEARING—COURT RULES.

Any amendment in the substance of a decree has the effect of a rehearing and is ineffective if not sought within the time allowed for a rehearing by court rule where it pertains to provisions of decree in lieu of dower or in pursuance of property settlement (Court Rule No. 48, § 1 [1933]).

4. SAME—AMENDMENT OF DECREE—PROPERTY SETTLEMENT.

The amendment of a decree of divorce cannot change the nature of the obligation from a provision for property settlement to a provision for alimony or support of the child.

5. SAME—AMENDMENT OF DECREE—SUPPORT OF CHILDREN—CONTEMPT.

Under provision of divorce decree requiring husband to pay a sum of money for support of the daughter of the parties to a guardian to be appointed but making no provision for daughter's custody, husband may not be held for contempt for nonpayment where no guardian was ever appointed and no ground remains for appointment as daughter had reached her majority, even though mother had supported the daughter and expended money therefor.

6. SAME—REIMBURSEMENT FOR CHILD'S SUPPORT—CONTEMPT.

Mother's right to reimbursement for sums spent in support of daughter could not be predicated upon terms of original decree of divorce where requirement as to appointment of guardian had not been complied with, nor under terms of amended decree which amounted to nothing more than a money decree, where amendment was not had pursuant to motion for rehearing made within time therefor, hence, it may not be enforced by contempt proceedings (Court Rule No. 48 § 1 [1933]).

7. SAME—CONTEMPT—COSTS.

No costs are allowed husband on appeal from order adjudging him guilty of contempt for nonpayment of sums ordered for support of child, notwithstanding he is successful in having such order set aside.

Appeal from Bay; McCormick (James L.), J. Submitted April 14, 1938. (Docket No. 114, Calendar No. 39,966.) Decided October 3, 1938.

Divorce proceedings by Bessie Stoutenburg against John W. Stoutenburg. On petition of plaintiff to amend amended decree. Decree amended and defendant adjudged in contempt of court. Defendant appeals. Reversed.

*A. H. McMillan,* for plaintiff.

*Fred L. Warner,* for defendant.

BUTZEL, J. In 1931 plaintiff secured a decree of divorce from defendant. The home of the parties, held by the entireties, and the household goods and fixtures, were awarded to plaintiff and defendant was ordered to pay to her, in monthly instalments of $40, the sum of $465, which amount was one-half of the $930 mortgage outstanding against the property. Defendant was also ordered to pay to the clerk of the court for the support, maintenance and education of the daughter of the parties, the sum of $960 in monthly instalments of $40, the first of such instalments to be payable on the first of the month following the last monthly instalment of the $465 payable to plaintiff. The decree specified that the clerk of the court should pay the moneys to a guardian to be appointed for the daughter who was then a minor. Another paragraph of the decree stated that the provisions made for the plaintiff should be in lieu of dower and in satisfaction of all claims plaintiff might have in all property defendant then owned or thereafter acquired.

The testimony indicates that neither plaintiff nor defendant prospered financially after the divorce. Defendant made some payments under the decree

totaling $345, but maintains that his earning power became very small and his health very bad so that he could not make further payments. His remarriage, according to the testimony, did not cause him additional expense. Plaintiff secured a position as a school teacher and made a brave and hard struggle to support herself and her daughter and to give the latter a good education. In spite of plaintiff's efforts, it was necessary for her to refinance the mortgage on the home through the Home Owners Loan Corporation and she has contracted other debts. The daughter reached her majority before the present controversy arose. She is now teaching school and is self-supporting. No guardian was ever appointed for her.

Defendant paid only $345 under the decree, leaving $120 due plaintiff toward payment of one-half of the mortgage and the full amount of $960 due for the support of the daughter, the total amount past due being $1,080.

On May 10, 1937, plaintiff filed a petition in the same cause asking that defendant be found guilty of contempt in not making payments as ordered in the decree. Defendant thereupon filed a petition to amend and modify the decree on the ground that poor health and the depression had impoverished him. He asked that he be released from any further payments to plaintiff or for the support of the daughter. A hearing was held and on July 2, 1937, the court amended the decree, stating that the payment by defendant of the sum of $600 would constitute full satisfaction of the terms of the decree and all claims for dower or otherwise that plaintiff might have in any real or personal property, which defendant owned or might thereafter acquire. The court stated that the decree "is hereby amended and modified to reduce the amount to be paid to

plaintiff by the defendant to $600, which sum is hereby decreed to be due and payable to the plaintiff or to the clerk of the court for her.'' It further provided for the payment of this sum in instalments of $10 per month. The order also stated that plaintiff and her attorney consented to the modification.

On October 9, 1937, plaintiff filed another petition for an order to show cause and stated therein that she was informed and believed that on the 18th day of September, 1937, defendant was adjudged a bankrupt by the United States district court, and that he wrongfully scheduled the amount due plaintiff in accordance with the amended decree as a judgment in the sum of $580 (the amount then due), and that it is claimed by him that his discharge in bankruptcy was a full release of his obligation under the decree. There is no dispute over what is stated in the bankruptcy petition. Further testimony was taken and the court on November 24, 1937, in an amendment to the amended decree of July 2, 1937, stated that it was the intent of the amendment to make plain that the court had treated and considered the sum of $600, required by the first amendment to the decree, as alimony and not a money decree or a property settlement. Later the court entered an order adjudging defendant guilty of contempt in failing to make payments of alimony. Defendant appeals, contending that the court had no power to amend the amended decree and that he could not be adjudged guilty of contempt for failure to make payments under the amended decree.

A decree for payment of alimony or other allowance for the support of the wife or children is subject to revision or amendment, 3 Comp. Laws 1929, § 12748 (Stat. Ann. § 25.106); *Kutchai* v. *Kutchai,* 233 Mich. 569; *Winter* v. *Winter,* 270 Mich. 707, and contempt will lie for failure to make payments un-

der the decree. *Tessmer* v. *Tessmer,* 261 Mich. 681; *Green* v. *Green,* 282 Mich. 34. However, a provision in lieu of dower or on a property settlement is final and cannot be modified or altered except for such cause as any other final decree may be reviewed, *Winter* v. *Winter, supra,* and contempt will not lie for failure to make payments thereunder. *Shafer* v. *Shafer,* 257 Mich. 372. If the amended decree of July 2, 1937, was a decree for alimony or the support of the daughter, contempt will lie and no further amendment was necessary. If it was not such a decree, contempt will not lie and the amendment of November 24, 1937, to the amended decree, was of no effect, since the time permitted under Court Rule No. 48, § 1 (1933), for application for rehearing had expired when the petition to amend was filed on November 12, 1937. *Naylor* v. *Washtenaw Circuit Judge,* 250 Mich. 698. The amendment sought was not for the correction of clerical errors, but for entering a different decree. Any amendment in the substance of a decree has the effect of a rehearing. It is not denied that if the decree was not for alimony or for support of the wife or child, the obligation was discharged in bankruptcy.

At the time of the amendment to the decree, July 2, 1937, defendant owed plaintiff $120 to be applied on the mortgage. Defendant could not be adjudicated in contempt for failure to pay this amount, because it was obviously in the nature of a property settlement and was not alimony. The amendment of the decree could not change the nature of the obligation from a provision for property settlement to a provision for alimony or support of the child. *Harner* v. *Harner,* 255 Mich. 515. Consequently, defendant may not be adjudicated in contempt for failure to pay so much of the $120 as was incorporated in the $600 award of the amended decree.

The balance of the $600 award in the amended decree must have been in satisfaction of the original award of $960 for the support of the daughter. The original decree made no provision for the custody of the daughter other than stating that the money for her support was to be paid to a guardian to be appointed. As the question of the validity of such order is not raised, we pass it, calling attention, however, to *Swiney* v. *Swiney,* 107 Mich. 459; *Maslen* v. *Anderson,* 163 Mich. 477; and *Demrick* v. *Demrick,* 214 Mich. 295. Plaintiff would not have been entitled to collect these payments nor to enforce payment by means of contempt proceedings until and unless she was appointed guardian of the daughter. Plaintiff has never been appointed guardian, and at the time of the amendment to the decree on July 2, 1937, there was no longer a ground for the appointment of a guardian, the daughter having attained her majority and become self-supporting. It is true that plaintiff did support the daughter and expended sums of money therefor. However, any right to reimbursement which she might have, at least at the time of the amendment to the decree, could not be predicated on the provision for support in the original decree. The amended decree was nothing more than an ordinary money decree for services rendered or money expended for the benefit of the defendant. Such a decree cannot be amended after the time therefor has expired, and not being in the nature of alimony or a provision for support, contempt will not lie for failure to make payments thereunder.

The order of the court adjudging defendant in contempt should be set aside, but without costs to either party.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.