McFARLANE *v*. McFARLANE.

1. Divorce—Nonpayment of Alimony—Contempt.
    The remedy for nonpayment of alimony is by contempt proceedings before the court where the decree was entered.

2. Same—Alimony—Chancery Jurisdiction.
    It lies within the jurisdiction of the court in chancery to modify or enforce its decrees for alimony.

3. Same—Provision for Payment in Lieu of Dower—Modification.
    A decree which provides for payment of money in lieu of dower or other rights in property cannot be enforced in a court of equity, or modified or altered, except for fraud or other causes upon which any final decree may be reviewed (3 Comp. Laws 1929, § 12766).

4. Same—Payment in Lieu of Dower—Enforcement.
    A decree for payment of money in lieu of dower and in satisfaction of property rights creates a debt which can be collected only in a suit at law and by the issuance of a writ of garnishment or execution to enforce payment of the judgment (3 Comp. Laws 1929, § 12766).

5. Same—Statutes—Provision in Lieu of Dower.
    By statute, the court in granting a decree of divorce is required to include a provision in lieu of dower of the wife and in full satisfaction of all claims the wife may have in the property of the husband and should definitely state the amount awarded in lieu of present and prospective dower (3 Comp. Laws 1929, § 12766).

6. Same—Combined Provision for Alimony and in Lieu of Dower —Enforcement.
    A decree of divorce in which the award for alimony is joined with the award in lieu of dower may not be enforced by contempt but only by action at law (3 Comp. Laws 1929, § 12766).

7. Same—Provision in Lieu of Dower—Alimony—Enforcement.
    A decree of divorce may award the full amount of money payment in lieu of dower without any award for alimony and where such is the case the enforcement is by way of action at law (3 Comp. Laws 1929, § 12766).

8. Same—Construction of Decree—Reservations.

  Provision of a decree in which there was no award of alimony
    reserving "question of further and additional permanent
    alimony" immediately following amount awarded in lieu of
    dower and other property rights did not apply to the award
    as given but merely reserved the question for further de-
    termination after payment of the award made.

9. Same—Award in Lieu of Dower—Discharge in Bankruptcy.

  Judgment at law for wife on provision of divorce decree award-
    ing a sum of money in lieu of dower and other property rights
    was a debt, provable in bankruptcy, and the discharge of
    husband in subsequent bankruptcy proceeding discharged the
    judgment.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted July 14, 1941. (Calendar No. 41,685.) De-
cided September 2, 1941.

Assumpsit by Ethel McFarlane against Walter
Glen McFarlane on a divorce decree. On motion of
defendant to discharge writs of garnishment and stay
judgment. Defendant reviews denial of motion by
appeal in the nature of mandamus. Writ granted.

*Charles O. Crain,* for plaintiff.

*Charles Bowles,* for defendant.

Boyles, J. In 1929, the plaintiff herein was
granted a decree of divorce from defendant. The
decree contained the following provisions:

"And it is further ordered, adjudged and decreed
that the plaintiff shall be paid by the defendant the
sum of $1,565, to be paid to her through the friend of
the court at the rate of $10 per week until the whole
sum of $1,565 has been paid, and that the question of
further and additional permanent alimony is hereby
expressly reserved by this court for determination
after the payment of the $1,565 as aforesaid.

"And it is further ordered, adjudged and decreed
that the provision herein made for the plaintiff Ethel
McFarlane is in lieu of her dower in the property of

the defendant, Glen D. McFarlane, and in full satisfaction of all claims that the said Ethel McFarlane may now or hereafter have in any property which the said Glen D. McFarlane owns or may hereafter own, or in which he may have any interest."

In 1938, plaintiff brought suit against the defendant in the circuit court for Wayne county for the above $1,565, together with interest. In that case, the plaintiff declared on the common counts, with an added count based on the decree, claiming nonpayment and asking for judgment. Plaintiff filed a motion for summary judgment on the expressed ground that the suit was based "upon a money decree heretofore entered" in the divorce case, and the affidavit in support of the motion set up the same claim. A summary judgment was entered for the plaintiff in the sum of $2,092. Thereafter, the defendant filed a petition in bankruptcy in the district court of the United States for the eastern district of Michigan, southern division, in which proceeding defendant scheduled the above judgment. In February, 1940, defendant was duly discharged in bankruptcy "from all debts and claims which are made provable by said act against his estate, except such debts as are, by said act, excepted from the operation of a discharge in bankruptcy."

While the bankruptcy proceeding was pending, and also subsequent to the discharge, the plaintiff caused several writs of garnishment to be issued on the above judgment, claiming that it was not a debt dischargeable in bankruptcy. The defendant filed a motion in the case asking the circuit court for an order permanently staying the issuance of any writs of garnishment or execution or other proceeding to collect the judgment. After hearing, an order was entered denying the motion, and defendant now seeks reversal

of this order by appeal in the nature of mandamus, and asks for an order staying further proceedings to collect the judgment. Defendant claims his discharge in bankruptcy cancels the judgment.

The only question for consideration is whether the decree provides for payment of alimony or is a decree for payment of money in lieu of dower and in satisfaction of property rights. If it is a decree for alimony, plaintiff's remedy should have been by contempt proceedings before the court where the decree was entered instead of by bringing suit to obtain the judgment. It lies within the jurisdiction of the court in chancery to modify or enforce its decrees for alimony. On the contrary, a decree which provides for payment of money in lieu of dower or other rights in property cannot be enforced in a court of equity, or modified or altered, except for fraud or other causes upon which any final decree may be reviewed. A decree for payment of money in lieu of dower and in satisfaction of property rights creates a debt which can be collected only in a suit at law and by the issuance of a writ of garnishment or execution to enforce payment of the judgment. *Brown* v. *Brown,* 135 Mich. 141; *Nixon* v. *Wright,* 146 Mich. 231 (10 Ann. Cas. 547); *Kutchai* v. *Kutchai,* 233 Mich. 569; *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111; *Harner* v. *Harner,* 255 Mich. 515; *Winter* v. *Winter,* 270 Mich. 707; *Stellwagen* v. *Stellwagen,* 277 Mich. 412; *Bartholomae* v. *Stellwagen,* 277 Mich. 618. By statute (3 Comp. Laws 1929, § 12766 [Stat. Ann. § 25.131]), the court in granting a decree of divorce is required to include a provision in lieu of dower of the wife and in full satisfaction of all claims the wife may have in the property of the husband. The decree should definitely state the amount awarded in lieu of present and prospective dower. The decree

may join the award for alimony with the award in lieu of dower, but, if so combined, contempt for non-payment cannot be adjudged, but the award must be enforced by suit at law. *Harner* v. *Harner, supra; Winter* v. *Winter, supra.* The decree in the case at bar was for payment of a definite sum of money expressly declared to be in lieu of dower and in full satisfaction of all claims of plaintiff in the husband's property. The decree followed the requirement of the statute (3 Comp. Laws 1929, § 12766 [Stat. Ann. § 25.131]) and was in full compliance therewith.

The amount decreed by the court in lieu of dower and other property rights is immaterial. It may be large or small. The decree may award the full amount of money payment for that purpose without any award for alimony. The decree now under consideration expressly provides for money to be paid in lieu of dower and other property rights. It is not a decree for alimony, nor was it so considered by the plaintiff in bringing suit to obtain the judgment. *Toth* v. *Toth,* 242 Mich. 23 (56 A. L. R. 839) ; *Winter* v. *Winter, supra.*

Some confusion might result from the language in the decree reserving to the court "the question of *further and additional* permanent alimony." However, this reservation cannot be considered to apply to the definite sum of money ordered paid in lieu of dower and other property rights. This reservation is merely for further determination of alimony "after the payment of the $1,565 as aforesaid."

The judgment was a debt, provable in bankruptcy, and the discharge of defendant in the bankruptcy proceeding was a discharge of the judgment. The order denying a permanent stay of proceedings to collect the judgment must be set aside and the motion granted.

The writ may issue for that purpose, with costs to appellant.

Sharpe, C. J., and Bushnell, Chandler, North, Starr, Wiest, and Butzel, JJ., concurred.