STURGIS v. STURGIS.

1. DIVORCE—ALIMONY—DOWER—LUMP SUM AWARD—CONTEMPT.
   A divorce decree may join an award for alimony with an award in lieu of dower, but if so awarded in a lump sum, contempt for nonpayment thereof may not be adjudged.

2. SAME—PROPERTY SETTLEMENT—ALIMONY—CONTEMPT.
   Where a decree is entered in approval of and pursuant to a property settlement, its entire provision in that respect must be considered, and for the plaintiff to resort to contempt proceedings it must clearly appear that a stated allowance is made therein to her for alimony alone.

3. SAME—SEPARATION AGREEMENT—INCORPORATION IN DECREE—ENFORCEMENT BY CONTEMPT.
   Under decree incorporating separation agreement by reference, provisions for alimony alone, as contradistinguished from provisions for property settlement between the parties, *held*, not separable; hence contempt proceedings would not be available for enforcement of decree for alimony.

4. SAME—ENFORCEMENT OF DECREE—AWARD IN LIEU OF DOWER.
   A divorce decree, which plainly states the award to be in lieu of dower and in satisfaction of property claims, is not enforceable by contempt proceedings.

5. SAME—SUPPORT OF MINOR CHILDREN—CONTEMPT.
   Provisions of decree for divorce requiring husband to pay $150 per month to wife to whom custody of two minor children had been awarded until they should become self-supporting, at which time payments should be reduced to $100, *held*, sufficiently ascertainable as distinct and separate provisions as to support and maintenance of the children so that nonpayment thereof amounts to contempt of court (3 Comp. Laws 1929, § 13910).

6. SAME—SUPPORT OF CHILDREN—ALIMONY—CONTEMPT.
   The monthly allowance decreed to a wife for the support and maintenance of a child in a suit for divorce is alimony within meaning of statute authorizing enforcement of decree for alimony through imprisonment for contempt (3 Comp. Laws 1929, § 13910).

7. SAME—DECREE—STIPULATIONS.

The legal effect of a decree of divorce cannot be altered by a stipulation of facts subsequently agreed upon by the respective parties, as the decree stands for an adjudication in accord with the provisions therein contained.

8. JUDGMENT—CONSTRUCTION—EXTRANEOUS MATTERS.

Where a decree is complete and unambiguous in itself, extraneous matters cannot be resorted to for the purpose of giving it a meaning which its language, without such help, would not carry.

9. DIVORCE—MODIFICATION OF DECREE—PROPERTY SETTLEMENT—SUPPORT OF CHILDREN.

While a decree for divorce may not be amended to affect property settlement provisions, provisions for the care, custody and maintenance of minor children are subject to modification by an amended decree as may be required by a change of circumstances or the welfare of such minor children.

10. SAME—PROPERTY SETTLEMENT—FRAUD—DURESS—MISTAKE.

A husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby.

11. SAME—COURTS—MAINTENANCE OF CHILDREN.

Parents of a minor child requiring maintenance may not, by any agreement, take from the court the power, in case of divorce, to decree maintenance' of the child.

12. SAME—SUPPORT OF CHILDREN—REMAND.

Under decree ordering husband to pay wife $150 a month until their two minor children became self-supporting and $100 thereafter and that such was in lieu of dower, where record contains stipulation that a certain sum has been paid but fails to show when payment or payments were made, case is remanded for determination as to whether husband was in contempt for failure to pay amount allowed for support of children, any excess of $50 per month to be applied on $100 instalments for wife and not applied on accrued $50 instalments for support of children.

13. SAME—COSTS.

No costs are allowed in suit for divorce where neither party fully prevails on appeal.

BOYLES, J., dissenting in part.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 15, 1941. (Docket No. 66, Calendar No. 41,771.) Decided February 11, 1942.

Bill by Gladys G. Sturgis against Marian Sturgis for divorce. Decree for plaintiff. On petition of plaintiff to declare defendant in contempt for non-payment of maintenance. Petition denied. Plaintiff appeals. Reversed in part and remanded.

*Carlos A. Reading* and *Douglas K. Reading* (*Hooper & Hooper*, of counsel), for plaintiff.

*Burke & Burke*, for defendant.

North, J. This is an appeal from an order of the circuit judge dismissing contempt proceedings instituted by plaintiff against defendant. The alleged contempt was defendant's failure to make certain payments of money to plaintiff as provided in an amended decree of divorce. It is agreed that such defaulted payments total $9,810. The circuit judge refused to find defendant guilty of contempt on the ground that the provisions of the decree were in the nature of a property settlement enforceable as an ordinary money decree, but not by contempt proceedings. His holding was: "that the decree in this case contains no provision which is clearly and unequivocally for the support and maintenance of the minor children, nor does it contain any provision for payment of alimony as such to the plaintiff." Plaintiff has appealed.

Prior to November 12, 1929, these parties had separated and were then living apart from each other. On the date noted they entered into a "separation agreement." The material portions of this agreement are printed in the margin hereof.* For refer-

---

* "Separation Agreement

"It is the intention of the parties hereto to make a full and

ence purposes we have italicized certain provisions. Two children were born of this marriage. At the date of the property settlement the son, Donald, was 10 years of age, and the daughter, Alice, 8. On January 7, 1930, plaintiff filed a bill for divorce. Personal service was obtained on defendant, his default for nonappearance entered, testimony taken, and a decree of divorce granted plaintiff April 18, 1930. Plaintiff has not remarried. The decree gave plaintiff "the care, custody and maintenance of said minor children;" and contained the following:

"And it is also further ordered, adjudged, and decreed, that the said Marian Sturgis pay to the said Gladys G. Sturgis the sum of One Dollar.

"And it is further ordered, adjudged and decreed that the provision made for the said Gladys G. Sturgis herein shall be in lieu of her dower in the property of her husband, the said Marian Sturgis, and in full satisfaction of all claims that she may have in any property which the said Marian Sturgis owns or may hereafter own, or in which he has or may hereafter have any interest and that he shall hereafter hold his remaining real estate free, clear and discharged from any such dower right or claims."

complete settlement of their property and other rights, hence this agreement: * * *

"The first party [plaintiff] hereto is living and residing with the said children in the dwelling property known and described as 616 West Madison street, in the city of Ann Arbor, Michigan. Second party [defendant] hereby agrees and it is understood that the first party shall have as her sole and separate property all of the household furniture and furnishings and all personal effects now situate and being in and upon said dwelling property, and the second party does hereby convey and grant unto her all of his right, title and interest therein.

"The second party does hereby further agree that prior to date of July 1, 1930, he will purchase for and cause to be conveyed to first party, subject to certain agreements hereinafter mentioned, a dwelling property, the purchase price of which shall not exceed $9,500, except at the option of second party. It is further agreed that said dwelling property shall be selected and determined upon by the mutual agreement of the parties hereto. It is further understood and agreed that second party shall also purchase and furnish certain articles of household furnishings necessary for the furnishing

This original decree made no reference to the property settlement contained in the "separation agreement," nor did the decree contain any specific provision for alimony or payments by defendant for the support and maintenance of the minor children. On May 12, 1932, having previously heard the respective parties, the court entered an amended decree in which were embodied the terms of the separation agreement of November 12, 1929; and after having so provided the amended decree concluded as follows:

"The provisions herein contained for the said Gladys G. Sturgis shall be in lieu of dower in the property of the said Marian Sturgis, and in full satisfaction of all claims that she may have in any property which the said Marian Sturgis owned or may hereafter own."

---

of said dwelling property in addition to the household furniture and furnishings now in use in the home at present occupied by first party and the said children. It is further agreed that the second party shall pay all taxes and assessments when they shall become a lien on said property. Second party also agreed to pay all necessary fire and wind insurance premiums for the protection of said dwelling. Second party further agreed that he will pay for and provide all necessary major, general upkeep and repair items for said dwelling.

"It is further mutually agreed that should the house be sold and the money held in income investments, that the income shall be applied toward the monthly payments or toward the expenses of said children.

"In the event of the decease of the first party, it is mutually agreed that all property transferred herein or the proceeds therefrom, is to be divided equally between the above-mentioned children and they to come into possession of their share upon their twenty-third birthdays respectively.

"Second party further agrees to pay to first party the sum of $150 per month on the first day of each and every month hereafter and second party shall continue to make said payments until the said two children shall have attained the age of 16 years and also for an additional period so long as either of said children shall attend a school or college. *It is mutually agreed, however, that at any time both of said children shall become self-supporting and no longer dependent on first party, that then and in that event the said monthly payments shall be reduced to the sum of $100. It is understood and agreed, however, that in the event that the parties hereto shall be divorced, and first party shall remarry, that the said second party shall no longer make said monthly payments to first party and*

On this appeal the two questions with which we are confronted are: (1) Does the amended decree, separate and apart from the provisions of the property settlement, award alimony to plaintiff; and (2) Does the amended decree contain a provision for the support and maintenance of the minor children which can be separated from the property settlement?

"Divorce decree may join award for alimony with award in lieu of dower, but if so awarded in lump sum, contempt for nonpayment thereof may not be adjudged." *Harner* v. *Harner* (syllabus), 255 Mich. 515.

"Where a decree is entered in approval of and pursuant to a property settlement, its entire provision in that respect must be considered, and for the plaintiff to resort to contempt proceedings it must

---

*shall only be obligated to adequately pay all necessary living and schooling expenses for the said children.*

"Second party further agrees to pay the rental for such residence property as first party and said children shall occupy prior to the purchase of the said dwelling property hereinbefore mentioned. *Second party further agrees to pay all doctor, dental and medical bills for the said first party and said children incurred in each year in excess of the total sum of $100.* Provided, however, that in the event of the remarriage of the first party, that second party shall not be liable for such personal bills.

"It is mutually agreed that first party shall have the privilege of renting any rooms or portion of said dwelling property she may desire and shall be entitled to the income therefor in addition to other payments to be made by second party.

"Second party hereby agrees that in the event of his death before the terms of this agreement are fully carried out, that then and in that event the same shall be a charge upon his estate.

"First party hereby agrees that should the dwelling property hereinbefore mentioned be abandoned and no longer personally occupied by her, that then and in that event said property shall be sold and the proceeds of such sale shall be reinvested for the benefit of the said two children.

"It is further mutually agreed by the parties hereto in consideration of the premises that from and after date hereof neither shall owe to the other any duty whatsoever because of the existing marital relations between them and that except as herein provided, neither of said parties shall have any right, title or lien of any nature whatsoever in or to any property, either real or personal, which either of the said parties may hereafter acquire or become possessed of.

clearly appear that a stated allowance is made therein to her for alimony alone." *Shafer* v. *Shafer*, 257 Mich. 372.

Tested in the light of the foregoing decisions and others of like character which might be cited, we think it is clear that the property settlement embodied in the amended decree is of such a character that it is not possible to find in it a provision which is for alimony alone, as contradistinguished from the provisions for the property settlement between plaintiff and her husband. It follows that the circuit judge was clearly right in holding contempt proceedings were not available to plaintiff incident to her complaint that defendant had defaulted in payment to her of a specified sum as alimony.

"A divorce decree, which plainly states the award to be in lieu of dower and in satisfaction of property claims, is not enforceable by contempt proceedings." *Belting* v. *Wayne Circuit Judge* (syllabus), 245 Mich. 111.

But the record is different as to the payments ordered to be made to plaintiff for the support and maintenance of the minor children. In this particular we think within certain limitations it clearly and distinctly appears that a definite portion of each of the $150 monthly payments was considered and designated as the decreed contribution of defendant to be paid to plaintiff monthly towards the support and maintenance of the two minor children. The italicized portion of the property settlement embodied in the amended decree in part reads:

"In further consideration of the premises, the first party does hereby expressly agree that in the event that either of the parties hereto shall apply for or institute any action for divorce against the other, that no claim or demand for alimony shall be made by said first party of the second part [party?]."

"It is mutually agreed, however, that at any time both of said children shall become self-supporting and no longer dependent on first party, that then and in that event the said monthly payments [of $150 each] shall be reduced to the sum of $100. * * *

"Second party further agrees to pay all doctor, dental and medical bills for the said first party and said children incurred in each year in excess of the total sum of $100."

From the foregoing we think it clearly appears that the decree as drafted contemplated and embodied a separate and distinct provision for payment by defendant to plaintiff of $150 per month and that of this amount $50 per month was for the support and maintenance of the two minor children. And further, that there was the specific provision that in event the expense of medical or dental care for "first party and said children" in any one year exceeded $100, such excess should be paid by defendant to plaintiff. It may be noted that a claim of this latter character is made in plaintiff's present petition. Notwithstanding these provisions for the care and maintenance of the two minor children are interspersed with other provisions of the property settlement between plaintiff and defendant, we think they are by the terms of the agreement sufficiently ascertainable as distinct and separate provisions having to do alone with the support and maintenance of the minor children, and as such their nonpayment amounts to contempt of court.

"A monthly allowance decreed to a wife for the support and maintenance of a child in a suit for a divorce is 'alimony' within the meaning of Act No. 230, Pub. Acts 1899 (3 Comp. Laws 1929, § 13910 [Stat. Ann. § 27.511]), authorizing the enforcement of a decree for alimony through imprisonment for

contempt." *Brown* v. *Brown* (syllabus), 135 Mich. 141.

It is much stressed in plaintiff's brief that in the present proceedings the parties entered into a so-called stipulation of facts in the circuit court in which it was recited that the payments which defendant has failed to make were "for the support, education, and maintenance of the said minor children from the date of said decree to and including May, 1940;" and from this it is strenuously urged that plaintiff is entitled to prosecute contempt proceedings for the whole amount unpaid by defendant. With this we cannot agree. The legal effect of a decree entered cannot be altered by a stipulation of facts subsequently agreed upon by the respective parties. Instead, the decree of the court stands for an adjudication in accord with the provisions therein contained.

"Where a decree is complete and unambiguous in itself, extraneous matters cannot be resorted to for the purpose of giving it a meaning which its language, without such help, would not carry." *Belting* v. *Wayne Circuit Judge, supra.*

Nor are we in accord with the contention of defendant that the trial court was without jurisdiction to modify the terms of the original decree by subsequently entering an amended decree. As applied to a property settlement this contention would be sound, in the absence of some condition such as fraud which would justify the modification of a decree entered in consequence thereof. *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505. But provisions in a decree of divorce for the care, custody and maintenance of minor children are subject to modification by an amended decree as may be required by a change of circumstances or the welfare of such minor children. See *McFarlane* v. *McFarlane,* 298 Mich. 595; *Winter* v. *Winter,*

270 Mich. 707; and *West* v. *West,* 241 Mich. 679. We quote two of the headnotes from the latter case:

"In Michigan, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby.

"Parents of a minor child requiring maintenance may not, by any agreement, take from the court the power, in case of divorce, to decree maintenance of the child."

The parties have stipulated that the older one of the two children continued to live with plaintiff and continued in school or college until April 15, 1940; and the younger one continued to live with plaintiff and attended school or college until May 18, 1940. Under the terms of the decree the $50 a month for the support of the children continued until the latter one of these two dates. While the stipulation discloses that from and after November, 1931, defendant paid to apply on the $150 monthly instalments $5,710, the exact dates or amounts of the respective payments do not appear. For that reason it is impossible to determine for how many of the months since November, 1931, defendant has failed to pay $50 or more under the decree. As to such defaults in making monthly payments of $50 plaintiff is entitled to prosecute the contempt proceedings. If at any time the monthly payments have been in excess of $50 per month such excess payments should be construed as applying on the $100 monthly instalments decreed for plaintiff's use, and not applied as payments of accrued monthly instalments of $50 for the support and maintenance of the minor children. Because of the inadequacy of the record before us, the case must be remanded for further consideration by the trial court and determination in accordance herewith.

It is so ordered; but since neither of these parties has fully prevailed on this appeal, no costs will be awarded.

Chandler, C. J., and Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred with North, J.

Boyles, J. (*dissenting in part*). I am not in accord with the conclusion reached by Mr. Justice North that we may segregate $50 per month out of the $150 monthly payments and allocate that amount as support and maintenance for minor children. To do so would not only be contrary to our previous decisions, but contrary to the agreed facts upon which this case is submitted. Stated in another way, my Brother North holds that this decree requires the defendant to pay $100 per month to the plaintiff for her use, and $50 per month to the plaintiff for the support and maintenance of minor children. The only basis for this conclusion is in a sentence in the decree as follows:

"It is mutually agreed, however, that at any time both of said children shall become self-supporting and no longer dependent on first party, that then and in that event the said monthly payments shall be reduced to the sum of $100."

Under the construction contended for by my brother, plaintiff would be entitled to $50 per month for support of the minor children until both of said children "shall become self-supporting and no longer dependent on first party." Such is not in accord with the apparent purport of the provision for support of minor children when read in its entirety. It is as follows:

"Second party further agrees to pay to first party the sum of $150 per month on the first day of each and every month hereafter and second party shall

continue to make said payments *until the said two children shall have attained the age of 16 years and also for an additional period so long as either of said children shall attend a school or college.* It is mutually agreed, however, that at any time both of said children shall become self-supporting and no longer dependent on first party, that then and in that event the said monthly payments shall be reduced to the sum of $100."

I am of the opinion that this decree requires the defendant to pay $150 per month to the plaintiff in any event only so long as either of said children attended a school or college. If *during that period* the children were no longer dependent on first party, monthly payments should be reduced to $100. The plain import of the decree is that the requirement to pay $150 per month shall continue only so long as either of said children attend a school or college. If defendant was required to continue payments until both of said children became self-supporting, a literal construction would indicate that payments might have to continue beyond the time when one reached the age of 21 years. No such absurd construction was intended.

Another objection to the construction as now proposed is indicated in the record. The requirement to pay a monthly sum must be held to begin at the time when the agreement came into effect, November 12, 1929. (The requirement is to pay "the sum of $150 per month on the first day of each and every month *hereafter.*") Plaintiff has already been overpaid, computed on the basis of $50 per month. According to plaintiff's own theory, defendant was required to pay for a period of 125 months, from November, 1929, to April, 1940, at which time plaintiff admits she no longer supported the children. It is a simple matter of mathematics that if the requirement was to pay *$50* per month *for the support and maintenance of the*

*children* during that time, the total would amount to
the sum of $6,250. This case has been submitted on
an agreed statement of facts signed by counsel for
both parties and made a part of the record. It is
therein agreed that the defendant has paid plaintiff
during this period of time the total sum of $8,940.
Obviously, this is $2,690 in excess of such a require-
ment, based on $50 per month. Furthermore, the
agreed statement of facts expressly provides that
this sum was paid *for the support and maintenance
of the two minor children*, and as a part of the $150
monthly installments. The facts agreed upon are:

"That defendant, Marian Sturgis, paid to the
friend of the court the sum of $5,710 *for the support
and maintenance of the two minor children*, being a
part of the $150 monthly installments so decreed to
be paid; that such payments were made by the de-
fendant to the friend of the court from November,
1931, until the present time; that previous to Novem-
ber, 1931, the said defendant, Marian Sturgis, paid
direct to the plaintiff, and not through the friend of
the court, the sum of $3,230, which sum was a part of
the $150 monthly payments decreed to be paid to the
plaintiff *for the support and maintenance of the minor
children.*"

This stipulation is in accord with what I believe to
be the legal effect of the decree. On the theory ad-
vanced by Mr. Justice North, and on the record be-
fore us, plaintiff has already been overpaid for the
support and maintenance of the minor children if the
requirement was to pay $50 per month.

This case presents again the troublesome question,
when is a provision in a decree of divorce to be con-
sidered (1) alimony, or (2) in lieu of dower and prop-
erty rights, or (3) for support of minor children.
Since the amended decree in the instant case was
entered, this court has cleared up this question, by

requiring that provisions for property settlement, or for alimony ·or support of minor children or both, must be embodied in separate and distinct paragraphs, each properly labeled. Court Rule No. 51, § 5 (1933), as added effective January 1, 1939.

In the case at bar, the original decree of divorce entered in 1930 made no express provision for payment of alimony. It ordered the defendant to pay plaintiff $1, and decreed:

"that the provision made for the said Gladys G. Sturgis herein. shall be in lieu of her dower in the property of her husband, the said Marian Sturgis, and in full satisfaction of all claims that she may have in any property which the said Marian Sturgis owns or may hereafter own."

An amended decree bearing date October 24, 1931, was thereafter entered inculcating therein by reference a certain separation agreement which had been entered into by the parties in 1929. The hearing on this amended decree was participated in by both of the parties, the decree was not appealed, and the authority of the court to enter it is not now questioned. This prevents any challenge in this proceeding of the regularity of its entry. *Spence* v. *Spence*, 290 Mich. 98 (124 A. L. R. 141). Otherwise, the amended decree would be without effect. *Stoutenburg* v. *Stoutenburg*, 285 Mich. 505. The separation agreement, which is thus given force by the amended decree, gives the household furniture and personal effects to the plaintiff, requires defendant to purchase and cause to be conveyed to the plaintiff a dwelling property not to exceed $9,500, provide plaintiff with .certain other additional household furnishings, pay taxes on the dwelling, maintain insurance and repairs. We must hold that at least some portion of the decree in the case at bar was in lieu of dower and

property rights that plaintiff might have in defendant's property. Otherwise, it would not comply with statutory requirements. 3 Comp. Laws 1929, § 12766, as amended by Act No. 220, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 12766, Stat. Ann. 1941 Cum. Supp. § 25.131). Had the amount awarded in the amended decree for that purpose been only $1 (as in the original decree), it would have been a sufficient compliance with the statute and, if properly indicated, would have sufficed to separate the provision in lieu of dower and property rights from an award for alimony or support of minor children. In the instant case, the other provisions (aside from payment of $150 per month for support and maintenance of minor children) were intended to be provisions in lieu of dower and property rights. Under our repeated holdings, such provisions cannot be enforced by contempt proceedings and are enforceable only by proceedings in a court of law. *McFarlane* v. *McFarlane*, 298 Mich. 595; *Binkow* v. *Binkow*, 298 Mich. 609. In *Spence* v. *Spence, supra,* we held that nonperformance of a provision in a written agreement embodied in a decree of divorce which related to monthly payments was punishable by contempt proceedings, while other provisions embodied in the same decree were held to be matters of property settlement not enforceable in that manner. In *Tessmer* v. *Tessmer*, 261 Mich. 681, we held that where a provision in a divorce decree did not tie release of dower to weekly payments to the wife so directly and surely that strict construction was imperative, such provisions for weekly payments might be enforced by contempt proceedings.

Unless we decide that the requirement to pay $150 per month is separable from the other provisions made for plaintiff, she cannot prosecute contempt

proceedings for collection of *any* unpaid sum under this decree. The amended decree itself declares that the provision made for plaintiff (in the property settlement and amended decree) "shall be in lieu of her dower in the property of her husband, the said Marian Sturgis, and in full satisfaction of all claims that she may have in any property."

In *Belting* v. *Wayne Circuit Judge*, 245 Mich. 111, a similar provision was made in pursuance of a property settlement. We there said:

"This decree is complete and unambiguous. It plainly declares the award to be in lieu of dower and in satisfaction of property claims. It is not a decree for alimony. Execution can be decreed upon the award, and contempt proceedings will not lie for its enforcement."

In *Harner* v. *Harner*, 255 Mich. 515, the original decree directed the payment of a certain sum but failed to state whether the same was for dower or for alimony. Subsequently this failure to comply with the statutory provision above referred to was apparently discovered and the parties filed a signed stipulation and an amended decree was entered designating the payment as permanent alimony and in lieu of dower. In contempt proceedings to enforce payment, this court pointed out that the amended decree failed to designate what part of the sum constituted an award for dower, and said:

"The court adjudged defendant in contempt 'for his failure to pay the sum of $10,000 alimony,' under the amended decree. This was error. The decree as amended, even if held valid, constituted the $10,000 award not alone alimony but also an award in lieu of dower. Such awards may be joined, but, if so allowed in a lump sum, contempt for nonpayment of such sum may not be adjudged."

In *Shafer* v. *Shafer*, 257 Mich. 372, quoting from syllabi, this court held:

"For wife to resort to contempt proceedings to enforce payment of alimony awarded in divorce decree, it must clearly appear that stated allowance is made therein for alimony alone.

"Where divorce decree provided for payment by husband of certain sum weekly 'as and for permanent alimony, release of dower, * * * and property settlement,' wife is not entitled to enforce payment thereof by contempt proceedings, since amount awarded for alimony in said decree is not determinable."

In *Peden* v. *Peden*, 259. Mich. 559, there was a settlement of property matters and a decree entered that plaintiff pay defendant the sum of $150 per month for a definite period and until the further order of the court. This court said:

"The award of $150 a month for five years thus included not alone alimony but was an award in lieu of dower.

" 'Such awards may be joined, but, if so allowed in a lump sum, contempt for nonpayment of such sum may not be adjudged.' *Harner* v. *Harner*, 255 Mich. 515.

"This proceeding was originally instituted by attachment, whereupon defendant, in attachment, who was plaintiff in the original case, filed an answer to the same and a petition for a modification of the original decree. Under the original decree, plaintiff in the original case, who was made defendant in the attachment proceeding, may not be punished for contempt. *For all that appears in the original decree, the payments conceded to have been made thereon may have been in full for alimony, and the amount unpaid the amount awarded for a release of dower interest of defendant.*"

In *Winter* v. *Winter*, 270 Mich. 707, Mr. Justice EDWARD M. SHARPE, after pointing out that the decree in the case at bar was concerned chiefly with the property settlement, concluded:

"In *Harner* v. *Harner*, 255 Mich. 515, we held that a divorce decree may join an award for alimony with an award in lieu of dower, but if so awarded in a lump sum, contempt for nonpayment thereof may not be adjudged. Under the terms of the decree in the instant case, contempt proceedings would not lie, and the decree not being a money decree is not subject to amendment."

This court·has had the question before us for decision in two recent cases. In *McFarlane* v. *McFarlane* (September, 1941), *supra*, we had before us for consideration a decree ordering payment to the plaintiff of a certain sum at the rate of $10 per week. The decree ordered that the provision thus made was in lieu of her dower in the property of the defendant and in full satisfaction of all claims she might then or thereafter have in any property of the husband (identical with the provisions in the amended decree at bar). We there held that the *amount* decreed in lieu of dower and property rights was immaterial, that the full amount might be awarded for either purpose, but that the decree under consideration expressly provided for money to be paid in lieu of dower and other property rights, and, therefore, was a debt enforceable only by suit brought to obtain a judgment.

See, also, *Binkow* v. *Binkow* (September, 1941), *supra.*

As applied to the case at bar, the conclusion to be drawn from the foregoing cases is this: No part of the $150 monthly payment can be considered in lieu of dower or property rights. It must be considered

in its entirety either (1) as alimony, or (2) for support and maintenance of minor children. It may be conceded that, under our holding in *West* v. *West*, 241 Mich. 679, there is a distinction between an award of alimony (so-called) and an award for support and maintenance of minor children. In the *West Case*, the decree provided "The question of support for the minor child has not come before the court as yet." Under these circumstances, Mr. Justice WIEST, writing for the court, said:

"In this State, husband and wife, during the pendency of a suit for divorce, may agree upon a property settlement, and, in the absence of fraud, duress, or mutual mistake, be bound thereby. But as parents of a minor child requiring maintenance, husband and wife cannot, by any agreement, take from the court the power, in case of divorce, to decree maintenance of the child. Divorce in this jurisdiction rests upon statutory provisions, and the statute allows the awarding of alimony to the wife upon dissolution of the marriage. The awarding of alimony is a statutory power; the maintenance of a child is a common-law obligation resting upon the father and enforced, in a divorce decree, under power conferred by statute. Alimony is the substitute for the common-law right of marital support. Care and maintenance for the minor child is not a substitute for the common-law obligation of the father to support his child but an enforcement thereof in case of divorce. Defendant, as father of the child, is under common-law obligation to support his child. The divorce statute relative to the custody and maintenance of children of the parties is in recognition of the common-law obligation resting upon the father and leaves it to the court to prescribe the amount to be paid by the father for such purpose. The purpose is to assure support of the child, and, as long as the need exists, the obligation and power remain. Maintenance of a child is in no sense alimony, for alimony is a matter between

husband and wife, while maintenance of a child rests upon the paternal relation.''

If, in the case at bar, we must conclude that there was a provision made for support and maintenance of minor children (which I believe was obviously the plain import of the decree), we must be held to the conclusion that the entire $150 per month was a provision for support and maintenance of minor children. A conclusion that part of this monthly payment was ''alimony'' would do violence to the opinions of this court referred to above, and others of like import, as well as being contrary to the agreed facts.

In view of the express language in the amended decree, I cannot read into it, as does my Brother NORTH, that only a portion of each $150 monthly payment should be considered as the contribution of defendant to be paid to plaintiff toward the support and maintenance of the minor children. The only ground for such conclusion is in the statement that when both of the children shall become self-supporting, the monthly payments shall be reduced to $100. Under this construction, plaintiff might possibly be entitled to receive $100 per month indefinitely (unless she remarried), although the express provision in the decree is that defendant shall pay plaintiff $150 per month until the children become 16, or as long as they attend school or college. The entire sum must be held to be for the support and maintenance of the children, until terminated as provided for in the decree.

The inescapable conclusion, in accord with the agreed facts and our previous decisions, is that the requirement to pay $150 per month is in its entirety a provision for the support and maintenance of the two minor children until they shall have attained the age of 16 years, and for an additional period so long as either of them shall attend school or college. A de-

cree should be entered setting aside the order entered by the court below dismissing the contempt proceedings, and remanding the case for proofs in regard to the length of time between the effective date of the agreement (November 12, 1929) and the termination of said requirement in accordance herewith. Defendant should have credit for the amounts paid by him during that time as a part of the $150 monthly requirement. Plaintiff should have costs.