DULL v. DULL.

DIVORCE—ALIMONY.

> Modification of decree of divorce to reduce monthly alimony payments of $100 to $70 *held,* justified on showing made, subject to change on showing of former husband's ability to make larger payments.

Appeal from Monroe; Root (Jesse H.), J.  Submitted June 5, 1934.  (Docket No. 19, Calendar No. 37,608.)  Decided September 18, 1934.

Bill by Ray C. Dull against Dessie Dull for a divorce. Cross-bill by defendant against plaintiff. Decree for defendant on cross-bill. On petition of plaintiff to reopen decree for reduction of alimony or to obtain custody of minor children. From amended decree, defendant appeals. Affirmed.

*William F. Haas,* for plaintiff.

*Ralph E. Routier,* for defendant.

Nelson Sharpe, C. J. On October 13, 1924, a decree of divorce for extreme cruelty was granted to the defendant from the plaintiff on her cross-bill therefor. It gave to her the care, custody and maintenance of their two minor children, but reserved to him the right to see, visit with and take them out at certain hours on certain days stated therein. It ordered the plaintiff to convey to the defendant the house they occupied together in the city of Monroe and to pay to her the sum of $5,000, these provisions being in lieu of her dower interest in any property then owned or afterwards acquired by him.

It further provided that he should pay to her through the clerk of the court the sum of $100 per month for the care, custody and support of the minor children until the younger should arrive at the age of 16 years, and that a further allowance might at any time be asked for.

On January 14, 1932, the plaintiff filed a petition to reopen the decree for the purpose of obtaining the custody of the minor children or for a reduction in the amounts to be paid to defendant for their support and maintenance. The defendant filed an answer thereto denying that plaintiff was entitled to

the relief sought. Proofs were submitted on the hearing thereof after which the trial court amended the decree and therein ordered the plaintiff to pay into court the sum of $500, the amount of the arrears due under the former decree, and thereafter the sum of $70 per month. The defendant has appealed therefrom.

When the decree was granted the plaintiff was engaged in the automobile business in the city of Monroe. That it was then a profitable business and that he was possessed of other property is disclosed by the provisions for the plaintiff in the decree, which conformed to a settlement then made with the defendant.

At the hearing he testified that for two years his sales business had been conducted at a loss, the amount of the loss in 1932 being $5,794.49. The income from repair work reduced such loss somewhat. He had remarried and the home he was living in was mortgaged for $6,000. While he was the owner of certain stocks in corporations he had received no income therefrom.

It appears that the defendant had also been unfortunate in financial matters. She sold the house he had conveyed to her for $7,000. She also got $5,000 in cash from him. She moved to Detroit in 1926, performed small services there for several years but claimed that she was then unable to work and could not support and maintain the two children on less than $100 per month.

The amended decree was signed on August 19, 1933. There has been much improvement in the automobile business since that time. The decree is subject to change on a showing of plaintiff's ability to at this time make larger monthly payments.

The trial court heard and saw the parties as they testified and, under the record as made, we find no justification for enlarging the payments as fixed by him in the amended decree.

It is affirmed. No costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.