GREEN *v.* GREEN.

DIVORCE—ALIMONY—CONSTRUCTION OF DECREE—CONTEMPT.
    Provision of decree of divorce for payment of $70 a month to
    clerk of court until child should be 18 years of age, but that
    in event of death or remarriage of wife $30 a month should
    be paid, "as permanent alimony for the use and benefit, care,
    maintenance and support of the" child, *held,* decree for pay-
    ment of alimony, for nonpayment of monthly amounts of
    which defendant was properly adjudged guilty of contempt.

Appeal from Montcalm; Hawley (Royal A.), J.
Submitted October 12, 1937. (Docket No. 86, Cal-
endar No. 39,710.) Decided November 10, 1937.

Divorce proceeding between Bertha Green and
Norman Green. From order adjudging defendant
in contempt of court for nonpayment of alimony, he
appeals. Affirmed.

*Floyd W. Cone,* for plaintiff.

*J. A. Weitzel,* for defendant.

NORTH, J. Defendant has appealed from an order
of the circuit judge holding him in contempt for the
nonpayment of a portion of monthly instalments of
$70 provided in a decree of divorce granted to plain-
tiff. This provision resulted from the court's ap-
proval of an agreement entered into between the
parties while the suit was pending, such agreement
being referred to as "a property settlement or agree-
ment." Determination of the question presented

depends upon the terms of the decree, the pertinent portion of which reads:

"It is further ordered, adjudged and decreed that the said defendant, Norman Green, shall pay to the clerk of this court the sum of $70 per month from and after this date, payable in advance until the 8th day of July, 1943, which is the 18th birthday of the minor child of the parties, Doloria Mae Green. The theoretical division of this $70 per month is $40 per month for the use and benefit of the plaintiff, Bertha Green, and $30 per month for the use and benefit of the minor child, Doloria Mae Green, issue of the marriage. In the event that the said Bertha Green should die or remarry prior to July 8, 1943, said sum of $70 per month shall be decreased to the sum of $30 per month, which said sum of $30 per month shall be paid by said Norman Green from and after the death or remarriage, as permanent alimony for the use and benefit, care, maintenance and support of the said Doloria Mae Green until said Doloria Mae Green shall arrive at the age of 18 years or until July 8, 1943."

The next paragraph of the decree provides for the possible continuance of the payments for the daughter for an additional period of four years in event of her pursuing a higher education, and it also provides for suspending the payments to the daughter in the event of her death or marriage. In the next following paragraph of the decree it is provided "that all of the provisions of said property settlement or agreement now on file in this court and cause be taken to be a part of this decree;" and then follow detailed provisions of the agreement relative to certain real estate becoming the sole property of Mrs. Green, subject however to certain mortgage incumbrance which she assumes; that she shall take as her individual property the household

furniture; and thereafter it is provided in a separate paragraph that: "The foregoing provisions hereinbefore set forth and said property settlement and agreement shall be in lieu of all dower rights that the said Bertha Green has or has had in the property of her said husband, the said Norman Green, and in full satisfaction of all claims that she may have in any property which said Norman Green now owns or may hereafter own."

It should be noted that the portion of the decree first above quoted and the following paragraph relative to additional payments to the daughter or the possible suspension of payments to her are contained in separate and distinct paragraphs. If there were no further provisions in the decree touching alimony or property rights, there could be no question that these would be provisions for the payment of alimony. In this part of the decree the $30 payable for the benefit of the daughter is definitely denominated "as permanent alimony." Following the foregoing provisions the decree makes disposition of the rights of the parties in their tangible property. These provisions as embodied in the decree are entirely separate and distinct from those first above mentioned. The provisions of a decree so framed come squarely within our holding in *Tessmer* v. *Tessmer*, 261 Mich. 681. It is a decree for the payment of alimony. The reasons for so holding are set forth with such clarity in the *Tessmer Case* that there is no occasion for repeating them in the instant case. Further the cases upon which appellant mainly relies are noted and distinguished in our opinion in the *Tessmer Case*.

It is undisputed that appellant at the time of the hearing of the contempt proceedings was in default because of a nonpayment of the monthly amounts

decreed in the sum of $640. The order of the circuit judge holding appellant in contempt for the nonpayment of said sums is affirmed. Appellee will have costs on this appeal, and the case is remanded to the circuit court for further proceedings therein.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.