JOHNSON *v.* JOHNSON.

DIVORCE—ALIMONY—CONTEMPT—MODIFICATION OF DECREE—STATUTES.

> Under statute authorizing court, on subsequent petition of either party to suit for divorce, to make any decree respecting any matter which the court might have made in the original suit, court had jurisdiction to vacate a former construction of original decree providing for permanent alimony and release of dower rights and, on petition to clarify and modify it, declare contempt proceedings would lie for enforcement (3 Comp. Laws 1929, § 12748).

Appeal from Wayne; Moll (Lester S.), J. Submitted October 11, 1939. (Docket No. 113, Calendar No. 40,673.) Decided December 19, 1939.

Divorce proceedings by Annabelle Walker Johnson against Howard L. Johnson. On plaintiff's petition for clarification or modification of decree. From order entered, defendant appeals. Affirmed.

*McDonnell & McDonnell,* for plaintiff.

*William V. Capler,* for defendant.

POTTER, J. April 27, 1936, plaintiff filed a bill for divorce against defendant upon the ground of extreme cruelty. A settlement was made and filed July 16, 1936, in which is set up an agreement made May 26, 1936, between plaintiff and defendant. It alleged the parties were separated, divorce had been instituted by plaintiff against defendant, that the parties desired "to make an amicable settlement and adjustment of all property rights and any and all claims or demands, and particularly all claims, demands and controversies existing between said parties as the result of or incident to the marriage relation." The settlement agreement provided, in consideration of the assignment by the husband to the wife of all his right, title and interest in and to the household furniture of the parties and in further consideration of the agreement by the husband to pay his wife $40 a month as alimony during the life of the wife, payments to cease in event of her marriage and to be again resumed in case she became single at the rate of $30 a month, plaintiff "does hereby release and forever discharge said Howard L. Johnson, his heirs, executors, administrators and assigns, from any and all other claims, demands, suits and actions whatsoever, and *particularly from all claims of dower.*"

Divorce decree was made providing for the payment of money in pursuance of the settlement agree-

ment on July 16, 1936. The plaintiff went to Florida. August 22, 1938, she filed the petition for an order for defendant to show cause why he should not be punished for contempt. An order to show cause was issued, the matter came on for hearing before Judge Moll who found:

"It satisfactorily appearing to the court that the payment of $40 per month required to be made by said defendant under the terms of the decree herein is partly as permanent alimony and partly in lieu of dower and that therefore contempt proceedings will not lie for its enforcement."

The order to show cause was, therefore, dismissed September 1, 1938.

January 5, 1939, plaintiff filed a petition alleging the decree rendered was ambiguous, the amount of permanent alimony uncertain, and that she was unable to enforce the decree because of uncertainty, and she prayed an order be entered clarifying or modifying the decree directing defendant to pay alimony to the plaintiff in the amount of $40 a month. Recommendation was made by the friend of the court. The matter was brought on before Judge Moll who, April 24, 1939, filed an opinion in which he found the former construction of the decree and settlement agreement was erroneous; that the decree should stand as originally written; and that inasmuch as the decree provided for the payment of permanent alimony, contempt proceedings would lie for its enforcement. An order was entered in pursuance of this opinion.

Defendant appeals, claiming the order entered September 1, 1938, was a final adjudication; that the court had no jurisdiction to set aside or vacate that order; that the decree plainly provides the $40 a month to the wife for alimony was also part of a

property settlement and in lieu of dower; that the decree entered in the case is not subject to modification or amendment; and that the provisions of the decree for the payment to the wife of $40 a month for alimony may not be enforced by contempt proceedings.

Plaintiff contends the original decree made an award for permanent alimony to plaintiff and that the lower court had jurisdiction to entertain a petition for the clarification and modification of such decree and to vacate the order of September 1, 1938.

We think the trial court was right. *Tessmer* v. *Tessmer,* 261 Mich. 681; *Green* v. *Green,* 282 Mich. 34. The statute (3 Comp. Laws 1929, § 12748 [Stat. Ann. § 25.106]) provides that after decree for alimony for the wife, the court may, on her petition, revise and alter the decree respecting the amount of alimony and the payment thereof, "and may make any decree respecting any of the said matters which such court might have made in the original suit." This statute authorized the action taken.

Decree affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.