CLARK *v.* CLARK.

1. Divorce—Petition to Vacate Order Modifying Decree.

Where wife had been granted divorce on her cross bill and on husband's fourth petition for modification of decree the so-called alimony payments were discontinued, petition to vacate order of modification, without undertaking to set up any change of circumstances but claiming want of jurisdiction to enter such order, is not construed as seeking a modification of the decree as previously modified.

2. Same—Modification of Decree—Alimony—Dower.

If a periodic payment required by decree of divorce to be made to the county clerk for benefit of the wife was for alimony, the trial court had power to modify it upon proper showing, but if the provision be construed as embracing an award covering wife's dower interest in real estate owned by the husband at time divorce was granted, the provision was final and not subject to change.

3. Same—Combined Unapportionable Award for Alimony and Dower is Final—Fraud—Bill to Review Final Decree.

Money required by a decree of divorce to be paid by the husband to the wife, either in a lump sum or in periodic payments, may include, with alimony, an award for dower and for property interests, but where so construed and not apportionable

it must be regarded as final and not subject to change except for fraud or for some other reason which would justify review of any final decree.

4. SAME—CONSTRUCTION OF DECREE—ALIMONY—DOWER—INTERPRETATION BY PARTIES—ATTORNEY FEE.

Provision of decree of divorce requiring husband to pay wife "$25 per week * * * as permanent alimony, until the further order of the court" was properly construed as providing for payment of alimony notwithstanding subsequent clause stating "that the provision made for the * * * (wife) herein shall be in lieu of her dower in the property of her husband * * * and in full satisfaction of all claims which she may have in any property which the * * * (husband) owns or may hereafter own," where pleadings do not mention property, parties by contempt proceedings and previous petitions to modify decree have each treated it as a provision for alimony, and provision for husband's payment of attorney fee was sufficient consideration to support clause as to dower.

5. SAME—NOMINAL AWARD IN LIEU OF DOWER.

Merely a nominal award for dower rights and wife's claims in husband's property need be made in a decree for divorce where no showing is made that husband owned any property at the time decree was entered.

6. SAME—CHANGE OF CIRCUMSTANCES—MODIFICATION OF DECREE—EVIDENCE—PETITION TO VACATE.

Where showing made as to change of circumstances had been sufficient to justify modification of decree as to alimony and no appeal was taken from order of modification, court had jurisdiction to deny petition to vacate order modifying decree discontinuing alimony payments.

7. SAME—MODIFICATION OF DECREE—ERROR IN ORDER—REMEDY.

In a suit for divorce the remedy for correcting an error in an order modifying decree as to payment of alimony is by way of appeal within time prescribed by court rule (Court Rule No. 57 [1945]).

Appeal from Macomb; Noe (Alton H.), J. Submitted April 9, 1946. (Docket No. 73, Calendar No. 43,246.) Decided June 28, 1946.

Divorce proceedings by Hale A. Clark against Mary L. Clark. On petition of the defendant to

vacate order amending decree and to reinstate original decree. Petition denied. Defendant appeals. Affirmed.

*Bert V. Nunneley* (*Nunneley & Nunneley*, of counsel), for plaintiff.

*Edward N. Barnard*, for defendant.

CARR, J. The parties to this case were divorced in 1926, decree being granted to the defendant on her cross bill. There were no children of the marriage and the pleadings filed in the case do not disclose that there was any property owned by either, or held jointly. Decree was entered on the motion of counsel for defendant. Following a recital that the material facts charged in the cross bill were found to be true, and the granting of the divorce based on such finding, the decree set forth the following provisions:

"And it is further ordered, adjudged and decreed, that the said plaintiff, Hale A. Clark, shall pay to the said defendant, Mary L. Clark, the sum of $25 per week, in advance, from this date as permanent alimony, until the further order of the court;

"And it is further ordered, adjudged and decreed, that the said plaintiff, Hale A. Clark, shall pay the sum of $100 as attorney fees to Charles H. Hummrich, attorney for said defendant, Mary L. Clark. Said $100 shall be paid in instalments of $50 each, within 30 and 60 days from this date.;

"And it is further ordered, adjudged and decreed, that the said $25 per week and the attorney fee of $100 shall be paid to the clerk of the circuit court for the county of Macomb, Mount Clemens, Michigan.

"And it is further ordered, adjudged and decreed, that the provision made for the said Mary L. Clark

herein shall be in lieu of her dower in the property of her husband, the said Hale A. Clark, and in full satisfaction of all claims which she may have in any property which the said Hale A. Clark owns or may hereafter own, or in which he has or may hereafter have any interest, and that he shall hereafter hold his remaining real estate free, clear and discharged from any such dower right or claims.''

The decree as entered was approved as to form by the attorney for plaintiff.

In 1928, plaintiff filed a petition for the modification of the clause of the decree requiring him to pay the amount of $25 per week as permanent alimony. Said petition was subsequently withdrawn, however, and a second petition seeking the same relief was apparently not brought on for hearing.

In June, 1939, plaintiff being in default in his payments, defendant instituted contempt proceedings and an order was issued by the court requiring plaintiff to show cause why he should not be punished for contempt. Thereupon plaintiff filed a third petition asking that the decree be modified by eliminating the weekly payment. The petitions were heard together and an order entered by the circuit judge, under date of September 19, 1939, finding plaintiff in default in the sum of $1,125, and requiring him to pay said sum at the rate of $10 a month. Said order further amended the decree by reducing plaintiff's payments to $70 per month from and after September 1, 1939, ''as permanent alimony, said payments to continue until the further order of the court. The court hereby expressly reserves the right to change said payment in case circumstances should require the same.'' No appeal was taken by either party from the order amending the decree.

In September, 1943, plaintiff sought to be relieved from the making of all further payments, alleging

in his petition that he was suffering from a serious heart ailment, that his ability to work was materially impaired, and that he was incurring hospital and medical expenses in connection with the treatment of his condition. The defendant filed her answer to this petition and the matter was heard before Judge Reid, both parties presenting proofs, although plaintiff, because of his physical condition, was not in court. Following such hearing Judge Reid, by order dated December 1, 1943, and filed December 10th, modified the decree by requiring payments to be made for the months of October and November of said year at the rate of $35 a month, and relieving plaintiff from the obligation to make further payments. Defendant was, however, granted the right to apply to the court on March 1, 1944, for such further changes with reference to payments, "as the circumstances at that time might require."

On December 29, 1943, motion to vacate the order of December 1st was made, was brought on for hearing before Judge Reid on December 31st following, and was denied. In presenting his motion counsel for defendant stated, in answer to the court's question, that it was in effect a petition for rehearing. The trial court concluded that the matter had been gone into fully on the hearing preceding the order of December 1, 1943, and that in consequence the motion before him should be denied on its merits. No appeal was taken.

On September 29, 1944, approximately nine months after the last order entered by Judge Reid, defendant filed her petition, in effect renewing the motion made December 29th preceding, asking that the order of December 1, 1943, be vacated "and the alimony provisions of the decree reinstated." It was alleged in said petition that such change in cir-

cumstances had not been shown on the hearing as justified a modification of the decree, and that the "alimony provision" was made pursuant to agreement between plaintiff and defendant. It may be noted in this connection that the decree entered in 1926 made no reference to any agreement between the parties, nor did defendant's cross bill contain any allegations with reference to the matter. Plain-. tiff filed his answer to defendant's petition, referring to the orders made by Judge Reid, and asserting that the court was without jurisdiction to vacate the order of December 1, 1943. The matter was brought on for hearing before Judge Noe, who succeeded Judge Reid on the circuit bench, and the petition was dismissed. Defendant has appealed.

The petition in question cannot be construed as seeking a modification of the decree as modified by Judge Reid's order. It does not seek relief on any such basis, nor does it undertake to set up any change in circumstances of such character as would justify modification. It rests on the theory that the order sought to be vacated was void for want of jurisdiction. Counsel for defendant in his brief states his claim as follows:

"It is our position that the allowance made to the wife in the decree was not 'alimony' as that term is understood in a strict sense, but was rather a provision in lieu of dower and other claims, which the court, under our decisions, has no jurisdiction to amend or alter, there being no statutory authority to do so."

Defendant's claim presents the principal question at issue in the case. If the payment required by the decree to be made each week to the county clerk for the benefit of defendant was, as expressly stated in the decree, for alimony, there is no question as

to the power of the court, on proper showing, to modify it. If construed as embracing an award covering defendant's dower interest in real estate owned by the plaintiff, or her interest in property of which he was the owner at the time of the granting of the decree of divorce, joined with an award for alimony, such provision was final and not subject to change. No claim is made that the weekly payment was apportionable; and on the record before us there is no basis for any such claim.

In support of his contention, counsel for defendant cites *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111; *Harner* v. *Harner,* 255 Mich. 515; *Winter* v. *Winter,* 270 Mich. 707; *McFarlane* v. *McFarlane,* 298 Mich. 595. These decisions and others of like import recognize that money required by a decree of divorce to be paid by the husband to the wife, either in a lump sum or in periodic payments, may include, with alimony, an award for dower and for property interests. A provision so construed, where there is no basis for the designation as alimony of any specific part of the sum so required to be paid (See *Sturgis* v. *Sturgis,* 300 Mich. 438), must be regarded as final and not subject to change except for fraud or for some other reason which would justify review of any final decree. In the case at bar the question to be determined, therefore, is the interpretation of the language of the decree.

The clause requiring the weekly payments to defendant specifically refers thereto as "alimony," and by way of further emphasis as to the character of the payment, counsel for defendant, in drafting the decree, inserted the words "until the further order of the court." The subsequent paragraphs, requiring the payment of an attorney fee to counsel representing defendant, and for the making of payments to the clerk of the court, were obviously in-

tended for defendant's benefit. The fact that the concluding paragraph declares that "the provision made for the said Mary L. Clark herein shall be in lieu of her dower in the property of her husband, the said Hale A. Clark, and in full satisfaction of all claims which she may have in any property which the said Hale A. Clark owns or may hereafter own," is not necessarily controlling. The decree must be read in its entirety in order to ascertain the purpose underlying its provisions. In *Tessmer* v. *Tessmer*, 261 Mich. 681, a situation analogous to that in the case at bar was presented. The decree, following specific provisions as to the disposition of the homestead, household furniture, and the payment of $2,500 in cash, required plaintiff to pay defendant "the further sum of $10 a week payable weekly in advance during the lifetime of said defendant or until she remarries." Following these clauses the decree further stated that "the provisions herein made for the said Amelia J. Tessmer shall be in lieu of her dower in the property of her husband, the said Clyde Tessmer, and in full satisfaction of all claims that she may have in any property which the said Clyde Tessmer owns or may hereafter own." In holding that the provision for weekly payments should be construed as providing for alimony notwithstanding the subsequent clause of the decree, it was said:

"The question is whether the weekly payments constitute alimony, enforceable by attachment, or include also release of dower, not so enforceable. *Belting* v. *Wayne Circuit Judge*, 245 Mich. 111.

"The cases relied on by plaintiff are not controlling. In *Harner* v. *Harner*, 255 Mich. 515, the award was in a single sum, both as alimony and in lieu of dower. In *Shafer* v. *Shafer*, 257 Mich. 372, the decree specifically tied the weekly payments to release

of dower by unequivocal words. In *Peden* v. *Peden,* 259 Mich. 559, the monthly payments were to run only for five years or until the prior marriage of the wife, not for her lifetime or until prior marriage, and were declared by the decree to stand in lieu of dower. These cases rested upon construction of the decree.

"In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Proceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous.

"It contains the provisions, very common, for division of property owned, with each party holding freed of the other, and for future payments to the wife. Provision for weekly payments to a wife for her lifetime, or until the need for her support by her former husband is ended by a new marriage, is so unmistakably an award of alimony that the decree need not specifically state that it is for her support. *Mesler* v. *Jackson Circuit Judge,* 188 Mich. 195. The provision must be so construed, in the absence of qualifying words.

"Upon a strict construction of the language, the weekly payments may be said to be among the provisions for the wife, made in lieu of dower. This is because of the form of the decree, in stating the awards to the wife in one paragraph and following with a general release of dower. But the language does not tie release of dower to the weekly payments so directly and surely that a strict construction is imperative and a fair construction consistent with the evident purpose of the provisions is not possible. The natural interpretation of the whole decree is that the dower is released in connection with

and as an incident of the division of property, and that alimony is allowed upon the basis of the husband's duty to support the wife during her lifetime.

"We hold that the weekly payments constitute alimony. That this ruling does not contravene the intention of the parties in making the property settlement is demonstrated by the fact that in several prior proceedings for contempt plaintiff did not deny the award was for alimony, and, also, that he petitioned the court to amend the decree striking out the provision."

The *Tessmer Case* was followed in *Green* v. *Green*, 282 Mich. 34, where the decree was in similar form, stating, after specific provisions for plaintiff's benefit, that such provisions should be in lieu of dower rights and property interests. There, as in the case at bar, a specific amount to be paid monthly for the use and benefit of a minor child was referred to as "permanent alimony." It was held that the provision should be so construed notwithstanding a reference in a subsequent paragraph to the "foregoing provisions" as being in lieu of dower and in satisfaction of all claims that the plaintiff might have in the property of the defendant. A like conclusion was reached in *Spence* v. *Spence*, 290 Mich. 98 (124 A. L. R. 141), where the decree, following the terms of a property settlement between the parties, contained a provision for monthly payments and likewise a statement that the payments of money and the performance of other requirements should be in lieu of plaintiff's dower rights in the property of defendant and in satisfaction of all claims that she might have in any property that defendant then owned or might thereafter acquire. In reaching this conclusion the court referred to the fact

that the parties had designated such payment as alimony. It was held that it should be construed to be such, as embodied in the decree of the court.

It is apparent in the case at bar that the parties, and their respective attorneys, regarded the provision for weekly payments as decreeing alimony for defendant's support. The specific language used is scarcely consistent with any other conclusion. When defendant instituted contempt proceedings in 1939 because of plaintiff's failure to make the payments in full she obviously did so in the belief that such payments were alimony. Plaintiff's attempts to have the decree modified indicate a like interpretation on his part. The fact that no appeal was taken from the order modifying the decree in 1939 suggests that at that time the power of the court to make the modification was not questioned. Transcript of the proceedings had before Judge Reid, immediately prior to the order of December 1, 1943, discloses that the principal issue was the alleged change in circumstances on which plaintiff relied for relief. It may be noted, also, that in the petition filed September 29, 1944, from the dismissal of which defendant has appealed, defendant referred to the payments made to her under the decree as "alimony," and specifically asked for the reinstatement of the "alimony provisions" as contained in the original decree.

As before mentioned, neither the bill of complaint, the answer thereto, nor the cross bill filed by defendant, contained any reference to property or property interests. The situation in this respect suggests that, in fact, plaintiff did not own any property at that time. If such was the fact, the settlement of defendant's dower rights and any claims that she might have in plaintiff's property did not require more than a merely nominal award.

*Stibbard* v. *Stibbard,* 224 Mich. 143. The provision in the decree with reference to the payment of an attorney fee to counsel representing defendant furnished sufficient consideration to support the concluding paragraph of the decree. It will be noted that the word "provision" is used in said paragraph. In printing the record the word "provisions" is inadvertently used. The original decree, as signed and entered by Judge Reid, uses the singular rather than the plural. Construing the term as referring to the provision for the payment of an attorney fee, rather than to the weekly payment specified, is in keeping with the language of the decree and with the interpretation placed thereon by the parties.

Under the authority of the cases above discussed, we think that the trial court was right in construing the clause in question as providing for the payment of alimony. As such, it was subject to modification. The trial court had jurisdiction of the subject matter submitted by plaintiff's petition, with full power to grant relief on proper showing. Based on the testimony that was taken in the proceeding, the order of December 1, 1943, was made and entered. The court likewise had authority to deny the petition to vacate. If defendant felt that the proofs did not support the finding she had her remedy by way of appeal. *Dull* v. *Dull,* 268 Mich. 261; *Winter* v. *Winter,* 270 Mich. 707; *Austin* v. *Austin,* 308 Mich. 139. She did not elect to pursue such remedy, permitting the time prescribed therefor by Court Rule No. 57 (1933), to pass.

The trial court was right in dismissing the petition to vacate the order of December 1, 1943, modifying the decree. See *Tuthill* v. *Tuthill,* 259 Mich. 272; *Westgate* v. *Drake,* 294 Mich. 120. In the event of a change in circumstances defendant has, of course, the right to petition for further modifica-

tion, which right was expressly reserved to her by the decree as modified.

The order of the trial court is affirmed, with costs to appellee.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred. REID, J., did not sit.